IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PHILIP HALBERT NEILSON                                                                          PLAINTIFF

V.                                                                                    CIVIL ACTION NO. 3:12CV009

UNITED STATES OF AMERICA                                                                  DEFENDANT

## MEMORANDUM OPINION

This cause comes before the court upon the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Upon due consideration, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Philip Halbert Neilson, brought this action against the former United States Attorney for the Northern District of Mississippi, Jim Greenlee, alleging that Greenlee, while acting as United States Attorney, "set out to destroy" Neilson in response to Neilson's complaint that Greenlee and his office were misusing the Grand Jury process "to obtain private and privileged information about citizens of the Northern District of Mississippi who appeared to be of Middle Eastern descent." The Department of Justice investigated plaintiff's complaint and deemed it unsubstantiated.

Plaintiff Neilson, who is the former Supervising Agent for the Federal Bureau of Investigation's office for the Northern District of Mississippi, was subsequently indicted in January 2010 on charges arising out of an alleged conflict of interest in his business dealings with the FBI. Neilson fought the charges and prevailed. He was acquitted on two counts and the remaining counts were dismissed with prejudice on December 13, 2011.

The plaintiff filed the instant case in the Circuit Court of Lafayette County, Mississippi, that same day, against Greenlee, asserting claims for tortious interference with a business

relationship, abuse of process, and intentional infliction of emotional distress. Invoking the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, ("FTCA"), and 28 U.S.C. § 1346(b), the defendant removed the case to this court on January 27, 2012, based in part on the current United States Attorney's certification pursuant to 28 U.S.C. § 2679(d)(2), that Greenlee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose" and noting that the complaint specifically alleges that Greenlee "acted negligently and/or recklessly in using the power of his office" and that "[t]he actions of Greenlee were taken as a result of his position as United States Attorney for the Northern District of Mississippi." On the defendant's motion, the court allowed the substitution of the United States as the proper defendant and dismissed Greenlee from the action. The defendant has now moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Despite two extensions from the original response deadline, all of which have expired, the plaintiff has failed to respond to the defendant's motion.

Standard of Review

"The standard of Rule 12(b)(1) . . . while similar to the standard of Rule 12(b)(6), permits the court to consider a broader range of materials in resolving the motion." *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010). In ruling on a Rule 12(b)(1) motion to dismiss, "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 564-66 (5th Cir.

2010). "The party asserting jurisdiction bears the burden of proof." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## Analysis

"[T]he United States is immune from suit unless it has waived its immunity and consented to suit." *Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995). Waivers of sovereign immunity are construed strictly in favor of the sovereign. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1032 (5th Cir. 2011). "[T]he question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, one of subject matter jurisdiction...." *Price*, at 49. If a plaintiff fails to comply with the terms or limitations of the waiver of sovereign immunity, his suit is barred, and the district court lacks jurisdiction to hear his claim. In the present case, the United States asserts that it has not waived its sovereign immunity and that this court lacks subject matter jurisdiction.

The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1). The FTCA requires that a claimant "first present[] his claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" before an action is "instituted upon a claim against the United States...." 28 U.S.C. § 2675(a).

It is uncontested that the plaintiff never submitted an administrative claim to the appropriate federal agency prior to filing the present lawsuit in December 2011. "Exhaustion of administrative remedies [under 28 U.S.C. § 2675(a)] is a jurisdictional prerequisite to suit under

the Tort Claims Act, and absent compliance with the statute's requirement, the district court [is] without jurisdiction." *McAfee v. Fifth Circuit Judges*, 884 F.2d 221, 222-34 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083 (1990). As the plaintiff failed to exhaust his administrative remedies in accordance with 28 U.S.C. § 2675(a), the United States has not effectively waived its sovereign immunity. This court is without subject matter jurisdiction, and this action must be dismissed.

## Conclusion

For the foregoing reasons, the court finds that the defendant's motion to dismiss should be **GRANTED**. A separate order in accord with this opinion shall issue this day.

This, the 6th day of July, 2012.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**